Dickman, J.
During the years 1879 and 1880, John W. Sohn & Co. were a firm engaged in the business of purchasing and slaughtering hogs, and packing pork, in the city of Hamilton, Butler county. They bought and slaughtered hogs, and subjected the same to certain processes and combination with other materials, requiring the application of skill, labor and capital, and converted them *692 into lard and cured meats, for the purpose of adding to the value thereof, with the view of making gain or profit. It required about forty men to carry on the business, which was conducted under several departments, each requiring the supervision of a foreman possessed of skill and experience. In rendering lard, curing sides and shoulders, curing, smoking and canvasing hams, and packing pork, it became necessary to use other raw material of various kinds, such as salt, saltpetre, saleratus, sugar, molasses, .flour, chrome yellow, linseed oil, canvas, wood, paper, barrels, tierces and kegs, and also to use various tools, implements, and mechanical devices. The process of curing hams required about three months. They were then ready for smoking, which occupied from six to eight days, when they, were wrapped, canvased, and dipped in a mixture, to render them air-tight and proof against atmospheric influences and insects. The different branches of the business were carried on together in one building. Sohn & Co. cured all their own meats, and did not deal in meats cured by others. In former years, those that slaughtered were not in the packing business, and packers did not slaughter; but for several years the two branches of business had been, as now, combined.
In listing their property for taxation for the year ending on the day preceding the second Monday of April, 1880, Sohn & Co. took the greatest valúe of raw material which they had on hand on any day in each month of the next preceding year, and adding those sums together and dividing the aggregate by twelve, listed the quotient, $5,130, as their average stock of manufactures for that year — such raw material being articles purchased, received or otherwise held, for the purpose of being used in their packing business. At the time of listing they did not have on hand any articles which had been by them manufactured or changed in any way, either by combination or adding thereto, one year or more previous to such listing. Subsequently to making their return to the assessor, the special board of equalization of the city of Hamilton added to the return *693 the sum of $16,067.90, as an addition “ to the monthly average value of pork on hand from time to time during the year,” — thus treating the article as personal property, purchased in its then existing shape, with a view of being sold at an advanced price or profit, and thereby compelling Sohn & Co. to list as merchants. Sohn & Co. filed their petition in the court of common pleas of Butler county, against the county treasurer, to enjoin the collection of taxes upon such addition to their return, on the ground that they should be taxed as manufacturers, and not as merchants; and a perpetual injunction was thereupon granted. On appeal by the county treasurer the district court rendered a like decree as in the court below, and this proceeding is prosecuted to reverse the judgment of the district court.
The question for our consideration is, whether upon the facts in the case at bar the defendants in error were taxable as merchants or manufacturers. If taxable as manufacturers only, they were required to return for taxation — as they did — the monthly average value of the raw material which they had on hand during the preceding year, in the same condition in which it was purchased, received or otherwise held for the purpose of being used by them in their manufacturing business. But they were not required to list for taxation such material in a manufactured or partly manufactured state — unless manufactured one year or more previous thereto — as it was not the intention of the legislature to tax the labor, skill and capital which, when in combination with the raw material, produced the manufactured article. Sebastian v. Ohio Candle Co., 27 Ohio St., 459.
The question therefore recurs, were Sohn & Co., for purposes of taxation, merchants under section 2740, or manufacturers under section 2742 of the Revised Statutes. By “ Sec. 2740. Every person who shall own or have in his possession, or subject to his control, any personal property within this state, with authority to sell the same, which shall have been purchased either in or out of this state, with a view to being sold at an advanced price or profit, or *694 which shall have been consigned, to him, from any place out of this state, for the purpose of being sold at any place within this state, shall be held to be a merchant.”
And under “Sec. 2742. Every person who shall purchase, receive, or hold personal property of any description, for the purpose of adding to the value thereof by any process of manufacturing, refining, rectifying, or by the combination of different materials, with a view of making a gain or profit by so doing, shall be held to be a manufacturer.”
In both definitions there is the common element of purchasing personal property, with a view of making a gain or profit. But the definition of a manufacturer contemplates the attainment of such object by adding to the value of the property after purchase, by some process or combination with other materials, while the merchant is supposed to get his advanced price or profit by selling the article as it is, without subjecting it to any change by hand, by machinery, or by art. The material entering into the manufactured article may be modified, more or less, in its identity, as it passes through the several stages of a manufacturing process ; but the merchant deals in the manufactured article itself, or its constituents, by buying and selling them in the same condition’in which he purchases them. His business is that of exchanges, and not of making or fabricating from raw materials.
The occupation of the defendants in error was, we think, essentially that of manufacturers. By the use of tools, implements, and mechanical devices; by subjecting the slaughtered animals, to divers processes, running- — some of them — through several months; hj a combination with various materials and ingredients requiring skill, care and attention, products were obtained in the form of pork, lard and cured ■ meats, to which may appropriately be applied the term “ manufactured articles.” The original substance, though not destroyed, was so transformed through art and labor that without previous knowledge it could not have been recognised in the new shape it assumed, or in the new *695 uses to which it was applied. One who produces such results may as correctly be designated a manufacturer as he who buys lumber, and planes, tongues, grooves, or otherwise dresses the same ; or as he who by a simple process makes sheets of batting from cotton; or as he who buys fruit and preserves the same by canning — all of whom have been held to be manufacturers, and taxed as such, under the internal revenue laws of the United States. 9 Internal Revenue Record, 193; 5 Id., 180; Internal Revenue Decisions, 117, No. 171. And as to the article of ice, to which reference has been made in argument, he is not inappropriately termed a manufacturer who produces artificial ice by the method of vaporization and expansion. The dressed lumber, cotton batting, canned fruits, and artificial ice, though but slightly changed from the original material, could not, we think, be properly classified, as unmanufactured goods. Indeed, the term manufacture has been extended to include every object upon which art or skill can be exercised, so as to afford products fabricated by the hand o£ man, or by the labor which he directs. Curtis on Pat., § 74.
During the past forty years the business of slaughtering iind meat packing, from a small beginning, has grown to such magnitude that it is now ranked as one of the great industries of the eountiy. It is placed in our Federal Census among the mechanical and manufacturing industries of our large cities. In its different departments the aid of science, and art, and inventive talent has been invoked, and new and improved methods have been devised for facilitating and perfecting its various processes. “ The perfection of manufacturing,” it has been said, “ consists in the being able to effect the wished-for changes in the raw material, with the least expenditure of labor or at the least cost.” With such a test alone there would be no hesitation in ranking this industry, in its present advanced state, among our most effective branches of manufacture.
These views, it may be urged, are in conflict with the decision of the court in Jackson v. The State, 15 Ohio, 652. *696 The facts in that case appear to be meagerly reported. The appellant, who was a citizen of the state of Pennsylvania, “ engaged in the business of purchasing, slaughtering and packing pork for transportation and sale,” at Columbus, Ohio. Hitchcock, J., was “ not prepared to say,” that a person so engaged was a manufacturer within the meaning of the statute. We are, however, satisfied, that if the facts had been the same as in the case at bar, if there had been in the year 1846 the same perfection in the art of packing and curing meats which has since been reached and now exists, Jackson would have been held to be a manufacturer and not a merchant.
The conclusion to which we have arrived is, that Sohn & Co. were manufacturers; that, as such, they made proper return to the assessor of the personal property of the firm subject to taxation; that the addition to their return by the board of equalization was illegal; and that the district court did not err in rendering judgment, that the county treasurer be perpetually enjoined from collecting any tax upon the addition so made by that board.

Judgment affirmed.